IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | 2:07cr26-WKW |
| ) | |
| FREDERICK A. SMITH   ) | |

**MOTION TO SUPPRESS SEARCH**

**COMES NOW**, the Defendant, Frederick A. Smith, by and through undersigned counsel, Kevin L. Butler, and moves this Court for an Order suppressing all evidence seized as a result of the illegal search of 166 Barbara Avenue, Luverne, Alabama 36049, on November 6, 2006, by officers of the Luverne Police Department. This evidence includes, but is not limited to: (a) any and all physical evidence seized from 166 Barbara Avenue, Luverne, Alabama 36049, on November 6, 2006, and (b) any other "fruit" of the illegal search and seizure.

**Facts**

On November 6, 2006, Mr. Frederick A. Smith was in his residence located at 166 Barbara Avenue, Luverne, Alabama 36049 (the residence). Mr. Smith was not engaged in any activity which posed a danger to himself, the community or law enforcement.

At approximately 9:30 a.m., Mr. Smith's girlfriend, Felicia Ray, approached Luverne Police Lt. E.W. Billingsly and Luverne Police Investigator David Sanky (the officers) near the Smart Plant where she worked. Ms. Ray informed the officers she was moving out of Mr. Smith's residence and she asked the officers if they would escort her to Mr. Smith's residence while she removed her items from the residence. She informed the officers that she had been dating Mr. Smith for a couple of years and she believed he would try to talk her out of leaving. No information was provided by Ms.

Ray indicating that any other person, other than Mr. Smith, lived or would be present at the residence.

Upon arriving at the residence, it was determined that Mr. Smith was home. When Mr. Smith came the door of his residence, one of the officers grabbed Mr. Smith by the arm and ordered him out of his residence while Ms. Ray retrieved her items. Mr. Smith pulled his arm from the officer and stated, "what did I do?" At this point, at his own residence, Mr. Smith was accosted by the officers, maced and physically restrained.

The officers then searched the residence. Pursuant to this search, two firearms were located. Subsequently, Mr. Smith was charged with being a felon in possession of a firearm.

## Argument

The warrantless search of Mr. Smith's residence was unconstitutional and did not fall within any of the exceptions to the warrant requirement. Therefore, all evidence seized as a result of the unconstitutional search and seizure must be suppressed.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

If an individual consents to the search of an area, item or location of which he has control, a warrant may be not required. *United States v. Harris*, 928 F.2d 1113 (11th Cir. 1991). If there are facts that would lead a reasonable officer to believe that evidence might be destroyed or removed

before a warrant can be obtained (i.e. exigency), a warrant may not be required. *United States v. Reid*, 679 F.3d 1109 (11th Cir. 1995). If an arrestee's vehicle is on public land or a public roadway and pursuant to police policy subject to lawful impounding and there is no investigatory motivation, it may be removed and searched for purposes of inventory. *Sammons v. Taylor*, 967 F.2d 1533 (11th Cir. 1992). If there is fear for officer safety, a narrowly confined and cursory visual inspection of areas where a person may be hiding may take place. *United States v. Hromada*, 49 F.3d 685 (11th Cir. 1995). Finally, if an officer has lawful access to an item seized and the incriminating nature of the object is immediately apparent, an officer may seize an item in "plain view". *Horton v. California*, 496 U.S. 128 (1990).

There are no "established and well-delineated exceptions" supporting the warrantless search of Mr. Smith's residence. Mr. Smith was simply residing within his residence when he was unlawfully grabbed and ordered by the police to exit his residence so Ms. Ray could retrieve items.[1] When Mr. Smith protested the illegal police conduct, he was accosted. As no consent was provided, there was no fear for officers' safety and there was no risk or fear from harm from an unknown person, his home was then illegally searched. As there was no warrant authorizing the search and there was no exception authorizing the warrantless search of the residence, any items taken were seized unlawfully.

**WHEREFORE,** Mr. Smith asks this Court to enter an order suppressing all evidence seized as a result of the unlawful search of 166 Barbara Avenue, Luverne, Alabama 36049, on November 6, 2006, by officers of the Luverne Police department and suppressing any and all evidence obtained

---

[1] From the discovery provided, it is unclear exactly what items Ms. Ray wanted to remove and whether she actually had a possessory interest in the items.

as a result or "fruit" of any such seizures.

    Dated this 29th day of March 2007.

                              Respectfully submitted,

                              s/ Kevin L. Butler
                              KEVIN L. BUTLER
                              First Assistant Federal Defender
                              201 Monroe Street, Suite 407
                              Montgomery, Alabama 36104
                              Phone: (334) 834-2099
                              Fax: (334) 834-0353
                              E-mail: kevin_butler@fd.org
                              AZ Bar Code: 014138

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )    2:07cr26-WKW |
| | ) |
| **FREDERICK A. SMITH** | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 29, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                      Respectfully submitted,

                                      s/ Kevin L. Butler
                                      KEVIN L. BUTLER
                                      First Assistant Federal Defender
                                      201 Monroe Street, Suite 407
                                      Montgomery, Alabama 36104
                                      Phone: (334) 834-2099
                                      Fax: (334) 834-0353
                                      E-mail: kevin_butler@fd.org
                                      AZ Bar Code: 014138